**PRYOR & MANDELUP, LLP**
Anthony F. Giuliano, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
afg@pryormandelup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
*In re*                                                                 Chapter 11

THE GREAT AMERICAN VENDING                        Case No.: 8-16-71519-reg
MACHINE COMPANY, INC.,

                                            Debtor.
---------------------------------------------------------------x

### APPLICATION OF CHAPTER 11 DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2)(B) AND RELATED RELIEF

**TO:    THE HONORABLE ROBERT E. GROSSMAN,
           UNITED STATES BANKRUPTCY JUDGE:**

The Great American Vending Machine Company, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, by its proposed attorneys, Pryor & Mandelup, L.L.P., as and for its application (the "Application") in support of the pre-fixed Order scheduling a hearing on an expedited basis, respectfully represents:

### SUMMARY OF RELIEF SOUGHT

1.      By this Application, the Debtor seeks the entry of orders of the Court, including entry of the pre-fixed Order scheduling a hearing on an expedited basis, (a) authorizing the Debtor to use cash collateral (the "Cash Collateral"), as that term is defined by 11 U.S.C. § 363(a), on an emergency basis, through and including the hearing and determination of a preliminary hearing, as that term is used in Bankruptcy Rule 4001(b) (the "Preliminary Hearing"), in the amounts and for the purposes set forth on the budget annexed as **Exhibit "A"** to the Application; (b) scheduling the Preliminary Hearing and a final hearing (the "Final Hearing"), pursuant to 11 U.S.C. § 363(c)(2)(B) and Rule 4001(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to consider the Debtor's request to use Cash Collateral in which JPMorgan Chase Bank, NA ("Chase") and Lawrence H. Krasnow and Dianne R. Krasnow, Trustee of the Dianne Krasnow Trust Dated February 13, 1995 (the "Trust") may assert a security interest, to pay the Debtor's ordinary and necessary expenses and other post-petition charges in the ordinary course of the Debtor's business affairs. The expenses for which approval is sought include wages, payments to vendors, and other ordinary or typical business expenses.

## BACKGROUND

2.    The Debtor is a New York corporation, with its principal place of business located at 206 Wind Watch Drive, Hauppauge New York 11788 (the "Premises"). The Debtor owns and operates a bulk vending machine company selling gum and novelty toys through the use of coin operated vending machines and buying and selling bulk vending machines primarily in New York but also in other states including New Jersey, Connecticut, Massachusetts, Pennsylvania and Delaware. The Debtor's gross annual revenue for the year 2015 was $1,357,479 and its gross annual revenue for the year 2013 was $1,455,496. The Debtor's current assets primarily consist coin operated vending machines, inventory, bank accounts, vehicles and office furnishings totaling approximately $329,954.00. Upon information and belief, Chase has a first priority blanket security interest in all of the Debtor's personal property in the amount of approximately $113,880. Upon information and belief, the Trust has a second position security interest in the Debtor's coin operated vending machines, inventory, vehicles, coins, furniture and equipment in the amount of approximately $182,630.43.

## EVENTS LEADING UP TO THE CHAPTER 11 FILING

3.    The Debtor business consists primarily in installing, operating and servicing coin operated vending machines as well as buying and selling vending machines. These machines are placed in various locations including supermarkets, laundromats, diners, movie theaters and bowling alleys.

4.      Among the Debtor's key locations were supermarkets and grocery stores owned by the A&P Company ("A&P") which included Waldbaums, Pathmark, Superfresh, Food Basics, and Food Emporium. In July of 2015 A&P filed for bankruptcy protection. As a result, the Debtor was required to remove its machines from these key locations resulting in a loss of approximately 30-40% of its business.

5.      In addition to this serious downturn, the Debtor was involved in litigation with Aikido For Kids, Inc., the purchaser of several of its vending routes resulting in a judgment against it in the amount $344,301.67. Aikido then sought the appointment of a receiver to take over the operations of the Debtor.

6.      As a result of the foregoing the Debtor was required to file the instant Chapter 11 on April 15, 2016 (the "Petition Date").

## THE SECURED CLAIM OF CHASE

7.      Upon information and belief, on November 22, 2002, Chase filed a UCC-1 Financing Statement indicating a security interest in all collateral owned by Debtor including all Accounts, all Intellectual Property, all Equipment, all Inventory and all Proceeds now or hereinafter received of the Debtor. A copy of the UCC- 1 Financing Statement is annexed hereto as **Exhibit "B"**. Further, upon information and belief, Chase is presently owed the sum of approximately $113,880.00 together with accruing interest, arising out of a Business Installment Note.

## THE SECURED CLAIM OF THE TRUST

8.      Upon information and belief, on February 15, 2015 the Trust filed a UCC-1 Financing Statement indicating a security interest in "All tangible personal property owned by Borrower or acquired from time to time wherever located, including, but not limited to, coin operated vending machines and appurtenant equipment, inventory, vehicles, coins, furniture and equipment."

9.      Upon information and belief, the Trust is owed the sum of $182,630.43, in connection

with a business loan entered into on or about February 2010. A copy of the UCC-1 Financing Statement is annexed hereto as **Exhibit "C"**.

## RELIEF REQUESTED

10.     By this Application, the Debtor seeks the entry of an order, authorizing the Debtor, pursuant to 11 U.S.C. Section 363, to use the Cash Collateral to pay its ordinary and necessary operating expenses and other charges incurred in the ordinary course of the Debtor's business, subsequent to the Petition Date, including the payment of wages and other administrative expenses, as described in the cash flow projections and budget annexed as Exhibit "A" to the Application.

11.     Debtor also seeks the use of Cash Collateral, on an emergency basis, to allow it to continue operating until hearing and determination of the Preliminary Hearing, under 11 U.S.C. § 363(c)(2)(B) and Bankruptcy Rule 4001(b), and to fix Debtor's use of the Cash Collateral.  The Debtor further requests that this Court set down a Final Hearing so that it may issue a final order as to the Debtor's entitlement to use Cash Collateral.

## AUTHORITY FOR REQUESTED RELIEF

12.     Section 363(c) of the Bankruptcy Code provides, in pertinent part:

. . .

a. The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless --

   i. each entity that has an interest in such cash collateral consents; or

   ii. the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

b. Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the Debtors.  If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.

    c.      Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in trustee's possession, custody or control.

13.      Bankruptcy Rule 4001(b) provides, in pertinent part:

    (1)    A motion for authorization to use cash collateral shall be made in accordance with Rule 9014 and shall be served on any entity which has an interest in the cash collateral, on any committee elected pursuant to §705 or appointed pursuant to §1102 of the Code or its authorized agent, or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to §1102, on the creditors included on the list filed pursuant to Rule 1007(d), and on such other entities as the court may direct:

    (2)    The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 15 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

    (3)    Notice of hearing pursuant to this subdivision shall be given to the parties on whom service of the motion is required by paragraph (1) of this subdivision and to such other entities as the court may direct.

### **DEBTORS IMMEDIATE NEED TO UTILIZE CASH COLLATERAL**

14.      Section 363(c) of the Bankruptcy Code and Bankruptcy Rule 4001(b) permit the Court to authorize the use of cash collateral after a preliminary hearing, and prior to a final hearing, in an amount necessary to avoid immediate and irreparable harm to the estate. The Debtor requires the immediate use of the Cash Collateral to pay wages and to pay vendors in the ordinary course of business for the operation of its vending machines, as well as to pay other essential expenses, at this crucial stage of the reorganization process and to satisfy the requirements of Sections 1107 and 1108 of the Bankruptcy Code

15.      The Debtor seeks the use of funds in the amount set forth in Exhibit "A" as they become due in the ordinary course of the Debtor's business to satisfy immediate payroll and other expenses so

as to be able to continue its business operations. In the event that the Debtor is denied the ability to immediately utilize the Cash Collateral to meet its ordinary and necessary operating expenses, irreparable harm and injury will occur and the Debtor's prospects for rehabilitation will be greatly diminished. The affidavit pursuant to Local Bankruptcy Rule E.D.N.Y. LBR 9077-1 in support of the Debtor's request for an expedited hearing is annexed as **Exhibit "D"**.

## ADEQUATE PROTECTION

16.     In accordance with 11 U.S.C. § 361, Debtor seeks to provide adequate protection to Chase, as follows:

   i. grant Chase a security interest in the Cash Collateral collected subsequent to the Petition Date, to the same extent, and with the same validity and priority, as existed pre-petition, contingent upon Chase providing documentation evidencing that its security interest was properly perfected prior to the Petition Date and evidencing the true amount of its secured claim; and

   ii. grant Chase replacement liens in the Debtor's post-petition assets, to the same extent, and with the same validity and priority as existed pre-petition.

17.     In accordance with 11 U.S.C. § 361, Debtor seeks to provide adequate protection to the Trust, as follows:

   i. grant the Trust a security interest in the Cash Collateral collected subsequent to the Petition Date, to the same extent, and with the same validity and priority, as existed pre-petition, contingent upon the Trust providing documentation evidencing that its security interest was properly perfected prior to the Petition Date and evidencing the true amount of its secured claim; and

   ii. grant the Trust replacement liens in the Debtor's post-petition assets, to the same extent, and with the same validity and priority as existed pre-petition

## NOTICE

18.     The Debtor proposes to give notice of this Application to: (a) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4437; (b) Debtor's twenty (20) largest unsecured creditors; (c) all entities filing Notices of Appearance; (d) Chase and; (e) the

Trust. The Debtor asserts that such notice is appropriate under the circumstances pursuant to Section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b). No committee of unsecured creditors has yet been formed in the Debtor's Chapter 11 case.

## CONCLUSION

19. For the foregoing reasons, the Debtor respectfully requests that this Court enter the pre-fixed Order, pursuant to Sections 102(1) and 363(c)(2) of the Bankruptcy Code and Bankruptcy Rule 4001(b): (i) fixing a preliminary hearing date on approximately five (5) days' notice and a final hearing date on approximately fifteen (15) days' notice, to consider the relief requested in the Application; (ii) authorizing the manner of notice thereof; and (iii) granting the proposed emergency use of Cash Collateral.

**WHEREFORE**, it is respectfully requested that the relief sought hereby be granted, including entry of the pre-fixed Order to Show Cause:

(a) authorizing the Debtor to use the Cash Collateral of Chase and the Trust, on an emergency basis, through and including hearing and determination of the Preliminary Hearing;

(b) scheduling preliminary and final hearings pursuant to 11 U.S.C. § 363(c)(2)(B) and Bankruptcy Rule 4001(b), to consider the Debtor's request to use Cash Collateral in which Chase and the Trust, may assert security interests, to pay Debtor's ordinary and necessary expenses and other post-petition charges in the ordinary course of Debtor's business affairs, including proposed adequate protection payments to Citibank; and

(c) granting such other and further relief as to this Court may deem just and proper.

Dated: Westbury, New York
April 18, 2016

PRYOR & MANDELUP, L.L.P.
Proposed Attorneys for Debtor

By: */s/Anthony F. Giuliano*
Anthony F. Giuliano
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
afg@pryormandelup.com