UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                    Chapter 7

The Great American Vending Machine                        Case No. 816-71519-A736
Company, Inc.,

        Debtor.

------------------------------------------------------------X

**EX PARTE MOTION FOR ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING WEINBERG, GROSS & PERGAMENT LLP, ATTORNEYS FOR LUCKY STONE LLC TO CONDUCT EXAMINATIONS OF THE GREAT AMERICAN VENDING MACHINE COMPANY, INC., STEVEN SIEGEL, DAVID SIEGEL AND PAMELA SPRAGUE AND DIRECTING THE PRODUCTION OF DOCUMENTS**

        Lucky Stone LLC ("Lucky Stone"), by and through its attorneys, Weinberg, Gross & Pergament LLP, seeks, by this *ex parte* motion ("Motion"), the entry of an order substantially in the form annexed hereto as Exhibit "A" ("Order"): (a) authorizing Weinberg, Gross & Pergament LLP to issue subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for the testimony from The Great American Vending Machine Company, Inc., Steven Siegel, David Siegel and Pamela Sprague ("Ms. Sprague") and directing the witnesses to produce documents identified in the Request for Documents annexed hereto as Exhibit "B"; and (b) for such other and further relief as this Court deems just and proper.

        In support of this Motion, Marc A. Pergament, duly affirms under the penalties of perjury as follows:

        1.    I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit, the United States District Court for the Eastern and Southern Districts of New York and am a member of the firm of Weinberg, Gross & Pergament LLP,

attorneys for Lucky Stone LLC ("Lucky"). As such, I am fully familiar with the facts and circumstances contained herein.

2. This Affirmation is presented in support of Lucky's ex parte motion for an Order: (a) authorizing Weinberg, Gross & Pergament LLP to issue subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for the testimony from The Great American Vending Machine Company, Inc., Steven Siegel, David Siegel and Pamela Sprague ("Ms. Sprague") and directing the witnesses to produce documents identified in the Request for Documents annexed hereto as Exhibit "B"; and (b) for such other and further relief as this Court deems just and proper.

3. On April 7, 2016, ("Petition Date") the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and the case was voluntarily converted to Chapter 7 on May 30, 2017.

4. On or about April 16, 2012, the Debtor entered into an agreement with Lucky providing for the Debtor's sale of certain vending machines routes, which included vending machines and related products, free and clear of all claims and liens. The purchase price was $175,000.00 and it required that the Debtor would service those routes and pay the minimum sum of $5,000.00 per month to Lucky.

5. The agreement between the parties required the Debtor's management of those routes and a full accounting of all funds collected from those routes and a disbursement to Lucky of its share.

6. Lucky was provided with regular reports from the Debtor reflecting the success in the management of the routes as required by the Agreement.

7. Lucky then purchased additional routes from the Debtor.

2

8. In or about January 2015, Lucky requested the turnover to it of the monthly profits to which it was entitled.

9. At that time, the Debtor asserted that there were no profits to be distributed, which was in contravention to the information that had been previously communicated by the Debtor. Further, the Debtor's officers represented that there were new expenses and losses that were being sustained on the routes.

10. Lucky has a claim against the Debtor for $250,000.00 as it was entitled to fifty (50) monthly payments of $5,000.00 per month as set forth in the Agreement dated April 16, 2012 and specifically, Paragraph "23" of that Agreement, plus additional profits that have not been accounted for by the Debtor.

11. The Debtor's bankruptcy filing followed the efforts by Lucky to obtain a full and complete accounting of the receipt and expenditure of the funds that it had transferred to the Debtor.

12. Lucky's transfers to the Debtor since April 2012 are in excess of $1,000,000.00.

13. The Debtor has failed to properly account for the funds that were provided by Lucky and account for the funds collected by the Debtor on the routes purchased by Lucky.

14. In addition, upon information and belief, the Debtor maintained two (2) sets of books, which reflected different figures as to the amounts being collected and the expenditure of those funds.

15. Lucky requests authorization to conduct Rule 2004 examinations of the Debtor's two (2) officers, Steven Siegel and his son, David Siegel, and their "financial person"/bookkeeper, Pamela Sprague.

16. The Debtor represented that Ms. Sprague was the one responsible for maintaining the books and records of the Debtor and has full knowledge of all of the funds received and disbursed.

17. Accordingly, it is imperative that the Lucky be given an immediate opportunity to conduct Rule 2004 examinations of the Debtor, Steven Siegel, David Siegel and Pamela Sprague and to require the production of the documents set forth in the Requests for Documents annexed hereto as Exhibit "B."

## Legal Authority

18. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> (a) *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> (b) *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> (c) *Compelling attendance and production of documentary evidence.* The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

19. An application for a Bankruptcy Rule 2004 examination may be considered ex parte or after notice. *In re Hickman*, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993); see also *In re Symington*, 209 B.R. 678, 689 (Bankr. D. Md. 1997) ("Rule 2004 motions are generally granted ex parte, as was the case here, without the advance notice required to be given in a contested matter."). Rule 9077-1(b) of the Local Rules for the Bankruptcy Court in the Eastern District of New York require that requests for ex parte orders are based on an affidavit or an affirmation showing cause for ex parte relief.

20. It is well established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996; *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a "fishing expedition." *In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n.3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions"). Examinations under Bankruptcy Rule 2004(a) and (c) in a chapter 7 case may properly include within their scope, among other things, any matter which may relate to the property and assets of the estate, the financial condition of the debtor, any matter which may affect the administration of a debtor's estate, and any matter relevant to the case.

21. Here, the information sought by Lucky in connection with this Motion is consistent with Bankruptcy Rule 2004 and the interpretive case law. "The purpose of a Rule 2004 examination is "to show the condition of the estate and to enable the Court to discovery its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *Cameron v. United States*, 231 U.S. 710, 717 (1914)). "Because the purpose of the Rule 2004

investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 f.3d 600 (2d Cir. 1994); *see also In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) (third parties may be subject to examination if they have knowledge of the debtors' affairs).

22. Lucky is seeking to discover information and documents related to assets that is property of the Debtor's estate and the Debtor's transfer of funds, and respectfully submits that such information and documents fall within the broad scope of Rule 2004.

23. Accordingly, this request presents a "matter which may affect the administration of the debtor's estate" under Bankruptcy Rule 2004(b).

24. This Court previously directed the Debtor and its principals to engage in discovery and produce documents as part of a claims dispute. The Debtor, David Siegel and Steven Siegel previously promised to produce the documents and on the eve of production, filed for a voluntary conversion of the case to Chapter 7.

25. It appears that the principals and the Debtor have no intention in complying and producing the documents so that an investigation could be made of how the Debtor's millions of dollars were expended in the five (5) years prior to filing the Chapter 11.

## Conclusion

WHEREFORE, for the foregoing reasons, it is respectfully requested that this honorable Court grant Lucky Stone LLC's motion and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      June 14, 2017

_____
Marc A. Pergament