Thaler Law Firm PLLC
Attorneys for Andrew M. Thaler,
Chapter 7 Trustee
675 Old Country Road
Westbury, New York 11590
Telephone: (516) 279-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

In re:

The Great American Vending Machine Company, Inc.

Debtor.

------------------------------------------------------------------------X

Return Date:
July ___, 2017 at 9:30 a.m.

Chapter 7
Case No. 8-16-71519-reg

### The Trustee's Application for an Order Authorizing the Trustee to Sell the Estate's Interest in Business Assets

Andrew M. Thaler, chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate (the "Estate") of The Great American Vending Machine Company, Inc. (the "Debtor"), through his attorneys, Thaler Law Firm PLLC, submits this application (the "Application") in support of the Trustee's motion (the "Motion") and respectfully represents:

### Relief Requested, Jurisdiction, and Venue

1.      The Trustee seeks, pursuant to 11 U.S.C. §§ 105(a) and 363(b), Federal Rule of Bankruptcy Procedure 6004, and E.D.N.Y. Local Bankruptcy Rule 6004-1, entry of an order: (i) authorizing the Trustee to sell the Estate's interest in the Assets as defined in and per the terms of the attached Stipulation; and (ii) granting such other relief this Court decides is just and proper. A copy of the Stipulation is attached as Exhibit "1."

2.      The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.

3.      Venue is proper pursuant to 28 U.S.C. § 1409.

### Facts

4.    On April 7, 2016 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On May 30, 2017, the Debtor's case was converted from one under Chapter 11 to one under Chapter 7. On that same date, the Trustee was appointed as the Chapter 7 trustee in the Debtor's case and is duly qualified and acting as such.

5.    The Debtor was a bulk vending machine company selling gum and novelty toys through the use of coin operated vending machines and buying and selling bulk vending machines. Pertinently, the Debtor's machinery and equipment is located across several states. Because of this, upon information and belief, even during the early stages of the Chapter 11, the Court had expressed concerns about the preservation of the Estate's assets if the assets were not routinely and frequently maintained and serviced.

6.    Sprouting Greens LLC approached the Trustee with a $25,000 offer to purchase the Assets subject to liens, "as is", "where is" and without representations, warranties, guarantees or covenants.  Based on the Trustee's diligent and thorough investigation, he believes this offer should be accepted, subject to higher and better offers. This investigation included discussing with a representative from Maltz Auctions, Inc.: (1) the Debtor's business, (2) the Debtor's assets, and (3) the comparative value of selling the Debtor's business as a going concern vis-à-vis liquidating the Debtor's assets.

7.    The Trustee believes that it is unlikely that the Estate will be able to generate an offer substantially in excess of $25,000.00.  Importantly, a representative from Maltz Auctions, Inc. has indicated that the $25,000.00 is a good offer. Furthermore, the Trustee has

spoken to at least three entities that expressed initial interest in the Assets. The Trustee advised those entities that the assets were subject to asserted liens of two secured creditors that exceed $300,000. As of this Motion, none of those entities have made an offer for the Assets. Furthermore, the Trustee's ability to solicit a higher offer than $25,000.00 is limited for the following reasons:

a. The Assets are located at hundreds of businesses throughout multiple states;
b. The Assets are also located at three different storage facilities, which continue to accrue rent (per the Stipulation, the Offeror is responsible for paying all past, current, and future storage facilities fees);
c. The Assets are subject to liens that exceed $300,000;
d. Operating the business to preserve what the Trustee believes is speculative equity for the Estate in the Assets is not appropriate or even feasible; and
e. The passage of time diminishes the value of the Assets to a prospective buyer.

8.      Accordingly, the Trustee believes that the Assets should be sold for $25,000.00 pursuant to the terms of the Stipulation, subject to higher and better offers.

## Application

9.      Pursuant to 11 U.S.C. § 363(b)(1), "[t]he Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *See In re Oyster Bay Cove, Ltd.*, 161 B.R. 338, 341 (Bankr. E.D.N.Y. 1993) ("Bankruptcy Code Section 363(b)(1) authorizes a trustee to sell property of the state other than in the ordinary course of business after notice and a hearing.").

10.     Courts use the deferential business judgment standard in assessing a trustee's decision to sell property of the bankruptcy estate under 11 U.S.C. § 363(b). *See In re MF Global, Inc., 467 B.R. 726, 730* (Bankr. S.D.N.Y. 2012) ("Although not specified by section 363, the Second Circuit requires that the transaction under section 363 be based on the sound business

judgment of the debtor or trustee."); *In re GSC, Inc.*, 453 B.R. 132, 155 (Bankr. S.D.N.Y. 2011) ("To sell property under section 363(b), the Trustee must demonstrate a legitimate business justification for the proposed transaction.").

11.    As indicated above, a sale price of $25,000 for the Estate's interest in the Debtor's assets falls within the Trustee's sound business judgment. If the sale is not conducted pursuant to the terms of the Stipulation, it is likely that the Estate will realize no benefit for its interest in the Debtor's Assets. Furthermore, the Assets are continuously diminishing in value, so a sale now is likely to realize a greater net benefit than a sale at some later point in time. Additionally, as indicated, a portion of the assets are held at least three storage facilities, which continue to accrue rent; however, the Stipulation allocates past, current, and future storage fees onto the Offeror, Sprouting Greens LLC, which minimizes administration expenses and unsecured debt.

### Notice

12.    Copies of the Notice of Motion, the Application, and all exhibits will be served by first-class mail upon: (i) the Debtor's attorneys; (ii) the Office of the United States Trustee; (iii) all creditors; and (iv) all parties who have filed notices of appearance in this case. The Trustee requests that such service be found to be good and sufficient.

13.    Furthermore, the Trustee will notice all parties known to have an interest in the potentially purchasing the Assets. If such parties are interested in placing a higher and better offer on the Assets, the Trustee respectfully recommends, subject to this Court's approval at the hearing for this Motion, that such offers be in increment of $3,000.00, with at least a 20% good faith deposit sent to the Trustee no later than three days prior to the hearing.

Additionally, the Trustee recommends that such offeror be subject to the exact terms as set forth in the Stipulation. Accordingly, the Trustee's notice shall provide for such.

### Proposed Order

14.    A copy of the proposed order will be uploaded after the hearing, as directed by the Court at the Hearing.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order: (i) authorizing the Trustee to sell the Estate's interest in the Assets as defined in and per the terms of the attached Stipulation; and (ii) granting such other relief this Court decides is just and proper.

Dated: June 28, 2017
      Westbury, New York

Thaler Law Firm PLLC
*Attorneys for Andrew M. Thaler,*
*Chapter 7 Trustee*

By:  _____
    Spiros Avramidis
    675 Old Country Road
    Westbury, New York 11590
    Phone: (516) 279-6700
    Fax: (516) 279-6722
    spiros@athalerlaw.com